Ashburn, J.
The plaintiffs in this action were tenants; in common.with a number of other persons in a parcel of land situate in Hamilton county, which, in proceedings in partition to which they were parties, was sold at public-sale by the sheriff of that county to Azariah Compton, the. *302 •defendant in error. The purchaser paid down two-thirds of -the purchase money, and gave his note to Richard Calvin, sheriff, for the 'deferred payment, calling for “ ten hundred and forty-s'even dollars and eighty-seven cents,” dated January 21, 1865, and due two years from date. To secure this purchase money note, the purchaser executed to “Richard Calvin and assigns forever,” a mortgage upon the land.
After the note became due, Compton paid the deferred payment in full to Calvin, the sheriff, who had the note and mortgage still in his possession. The sheriff delivered the note to defendant and entered words of cancellation on the mortgage, then handed the whole of the money to O. & E. T. Brown, taking their receipt therefor. It is admitted no part of the money was ever received by plaintiffs, but was wholly retained by the Browns. O. & E. T. Brown were not at any time attorneys for those plaintiffs nor of either of them.
In this state of case, plaintiffs claim that their shares of the purchase money, represented by the defen-ed payment, is a subsisting lien upon the land; that defendant did not discharge his indebtedness to them by paying the money to the sheriff; that the securities for the deferred payment of the purchase money in his hands was a trust fund; that the sheriff had no legal authority to receive and receipt for the money, and that his doing so in no way relieved the purchaser from his liability to plaintiffs.
A correct solution of plaintiff’s right to maintain this action against the defendant can only be reached by giving .a proper construction to the partition statute, the order of the court of common pleas as to the deferred payment, and ascertaining the true relation of the purchaser and sheriff, in that transaction, to tlie securities for the deferred payment.
Section 10 of the statute regulating proceedings in partition and sales had in pursuance of its provisions is as follows : “ That on the return of the sheriff of his proceedings, the same shall be subject to the examination of the court, and if the sale has been made, and the same is ap *303 proved by the court, the sheriff, on receiving payment of the consideration money, or taking sufficient security therefor, to the satisfaction of the court, shall execute and deliver a deed or deeds to the purchaser or purchasers of the estate or estates so sold. And the said money or securities shall be distributed and paid, by order of said court, to and namongst the several parties entitled to secure the same, in lieu of their respective parts and proportions of said estate or •estates, according to their just rights and proportions.” S. & C. 898, 899.
The partition act of 1831, as amended in 1851, provides “that in all sales made by the sheriff, pursuant to an order in case of partition, unless the court shall, by special order, direct and require, on good cause shown, the- sale to be made for cash down, the purchase-money shall be payable, one-third on the day of sale, one-third in one year, and one-third in two years thereafter, with interestthe deferred payments to be secured to the parties, agreeably to the respective interests, according to the tenth section of the act aforesaid.” S. & C. 901.
The district court, to warrant a reversal of the judgment of the court of common pleas, must have found that the facts of this case did not bring it within the rule of law laid down in Welsh, Adm'x, et al. v. Freeman, 21 Ohio St. 402. Such is the claim now made by defendant in error in the argument. Without stopping here to detail and note the agreeing or disagreeing facts of the cases, we will say the facts of the two cases so- far agree that the principle governing the rule of law in one will decide the other.
A sheriff, charged by the statute with the duty of taking and distributing securities arising from the sale of land, iu proceedings in partition, is a trustee for that purpose, and the persons entitled to the proceeds of the sale are the beneficiaries of such trust. The securities in his hands take the place of the land sold, and in that condition are trust funds.
In considering such a case, where the trust funds, through the improvident or wrongful act of the trustee, have not *304 reached the beneficiaries, the principle to be had in mind is the protection of the rights of the innocent party; for, as between the beneficiaries and an innocent purchaser, without notice of the trust, the equities are equal. Hill on Trustees, side page 510. Where, however, the purchaser,, at the time of the transaction, has either actual or constructive notice that the fund he is dealing with is a trust fund, he must see that the fund reaches the parties entitled to it. Having notice of the trust character of the fund, he is no longer the innocent party, and must suffer the consequences of a misapplication thereof. Where the purchaser has notice of this trust, and is in a situation to control the direction of this 1 rust fund, no act of the sheriff should be-permitted to prejudice the rights of innocent beneficiaries.
It is then a matter of first importance to ascertain whether defiendo :t in error had actual or constructive notice of the trust Attaching to the securities he gave into the possession of t/.e sheriff’ in lieu of the laud, for, in case of notice, he was charged with the duty of seeing that the-deferred payment reached the hands of the beneficiaries. In its legal effect there is no difference, in such a case as this, between actual and constructive notice; and where the circumstances attending the transaction are such as to-put the purchaser on an inquiry that would lead him to a discovery of the trust, he will be charged with notice. This is so, because the purchaser will be presumed to have used prudent diligence in ascertaining the nature of the estate he purchased, and the trust, if any, attaching to the purchase-money securities required of him by the court and the law. Hence, where the circumstances are such as to-enable the court to say, not only that he might have acquired notice of the trust,-but ought to have done so, and failing was negligent, the purchaser is no longer the innocent party, and is bound to see that the trust fund was properly applied.
The defendant, at the time of the purchase, when he executed the security for the deferred payment, and when he paid the last payment to the sheriff, was charged with a *305 knowledge of the provisions of the partition statute; that, the sheriff, when dealing with the securities for the land, was acting as trustee of that fund — had notice as to the-persons who were entitled, as beneficiaries, to receive and receipt for the purchase money; that the purchase money was a lien upon his purchase, and would remain so until, the purchase money was paid to the owners of the securities ; that, as the law directed the securities to be given to-the party in interest, no other persons than the parties in interest could execute acquittances for the purchase money. This is the purchaser’s standing as to notice. ITow was it-with these beneficiaries? The proofs show conclusively that the .plaintiffs in error had no actual knowledge of the-proceedings in partition. The service on them was constructive only. The deferred payment of the purchase-money had been made and passed over to O. & E. T. Brown long before they had any information that their-land had been sold. This want of notice, as to the dealings with their land, and the securities taken therefor,, places them clearly in the position of innocent parties.
It is claimed, however, that the order of the court, confirming the sale, relieves the purchaser from all duty and. responsibility that would otherwise ordinarily be cast upon him in cases of this kind. It does not so appear to us. A. prior order and finding of the court had ascertained the-names of the parties in interest and fixed the interest of each in the land. The recorded facts in the partition case-were notice to the purchaser that when he executed the. securities to the sheriff', and afterward paid him the deferred payment, that he did so at his peril.
As to the deferred payment, the order directs the sheriff' to “ take a note, secured by mortgage, for one-third, payable in two years, with six per cent, interest.” He took the-note payable to himself, as sheriff, and the defeasanceclause of the mortgage contemplates that the note will be-paid to Calvin, as sheriff, or to his “ successors in office.” It is contended this order commands the sheriff to take the *306 securities in Ms own name. We do not think so. Even If it did, such direction would not relieve the purchaser from liability in this case. The order will be here treated .as a judicial order, and have such effect given it as its terms import, in view of the provisions of the statute governing partition proceedings.
That portion of this order relating to the cash payment ■of purchase money is unusual, and appears, in the light of the facts of this case, rather to have been the work of designing parties than the well considered judgment of the •court. It directs the cash payment to be paid by the sheriff to O. & E. T. Brown, the attorneys of record, and for them to distribute the money and file the receix>ts of the parties for the money. The Browns never were the attorneys in fact or of record for the plaintiffs in error. The Browns never paid any part of the money to the plaintiffs. They not only appropriated the cash payment in full, but were enabled through the carelessness of defendant in error (who alleges in his answer that in paying the deferred payment into the hands of the sheriff, he acted upon “ the advice and consent ” of these Browns,) to appropriate to themselves the deferred payment also.
The sheriff was not directed by the order to take the •securities in his own name, but generally to take them. 'The order does not direct the securities to be in the name •of the beneficiaries, but the statute does. The order was .silent in that respect, and the statute completed the direction of the order. The order must receive this construction, because in harmony with the statute, which directs the deferred payment to “ be secur'ed to the parties,” because the securities are required to be taken “ to the satisfaction of 'the court,” and not to the satisfaction of the sheriff or attorneys ; and because the securities are by the statute ordered to be distributed “ to and amongst the several parties entitled to receive the same in lieu of [their respective parts and proportions ” of the land. As the order of the court of common pleas is general and not specific on this subject, we will presume the court in *307 tended the sheriff to discharge his duty under the order in accordance with the specific directions and requirements of the statute. Such securities, in form as directed by the law, would, in the hands of the sheriff, have been trust funds. Taking a different form, under the direction of the sheriff and consent of the purchaser, did not •change the character of the purchase money securities.
The defendant in error, having notice that the securities were trust funds, the record of the case, under which he made his purchase, giving him the names of the beneficiaries and the interest of each in the fund, that the statute in express terms directed the securities to be made to the parties in interest, and distributed to and amongst the several parties in lieu of their respective parts and proportions of the estate, was “ bound to see to the proper .application of the deferred payment of the purchase money.”
No form of the note and mortgage, adopted by the sheriff and purchaser, could change the direction of the law or ■character of the security. In Brobst et al. v. Skillen et al., 16 Ohio St. 332, the securities were made “payable to the parties severally,” and the sheriff and his official sureties were hold to respond in a suit on the plaintiff’s bond, for a ■division of the money arising from the securities. In Griffith v. Underwood, 16 Ohio St. 389, the securities were taken in the name of the sheriff. It was held that “the fact that the sheriff chose to take the securities in his own name does not alter his liability from what it would have been if he had taken them in the names of the parties to whom they belonged.” His conversion of the note to his own use was a breach of his bond. In the case of. Welsh et al. v. Freeman, 21 Ohio St. 402, the security taken by the sheriff for the deferred payments was a mortgage to himself and ■successors in office. A purchaser from the purchaser at sheriff’s sale was held chargeable with the equities existing in favor of the beneficiaries, and that the purchase money that had been paid to the sheriff, but diverted from the beneficiaries by him, was a subsisting lien upon the land. The *308 judge delivering the opinion in the last named case says :/ “ The debt he owed was the purchase money of the land. The mortgage was made to secure the payment of this specific debt to those specific parties. The mortgage was-made by the purchaser of the land, in form, to a party in the nature of a trustee to hold a naked title only. The case is clearly one where, if. the purchaser pays to the trustee, he is not discharged until the money is received by the parties-entitled thereto, and to whom it was his duty to-pay it. He was responsible for its proper application. Eoi he intrusted the money to the sheriff; the parties entitled, thereto did not.” There is nothing in the order itself in this case to change the legal duty of the purchaser to relieve him from liability.
The reasoning of the court in Welsh, Adm’x, v. Freeman, demonstrating the duty of the purchaser in that case to see to a proper application of the purchase money, applies with equal force to this case, and necessarily charges a liability for the purchase money, represented by the deferred payment, upon the defendant in error.
The judgment of the district court reversed.
Scott, J"., dissented.